IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-284 (LPS) (CJB) |
| | ) | |
| WESTINGHOUSE AIR BRAKE | ) | |
| TECHNOLOGIES CORPORATION | ) | |
| (d/b/a WABTEC CORPORATION) and | ) | |
| WABTEC RAILWAY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SIEMENS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

Plaintiff Siemens Industry, Inc. ("Siemens") hereby opposes the Motion to Amend the Scheduling Order (D.I. 68, "Motion to Amend") filed by Defendants Westinghouse Air Brake Technologies Corporation ("Wabtec Corp.") and Wabtec Railway Electronics, Inc. ("WRE") (collectively, "Wabtec").

This case is already a year old, discovery is at an advanced stage with initial contentions days away from completion and claim construction exchanges on the horizon as of this filing, and the issues are already sufficiently numerous and complicated. Allowing Wabtec to inject what amounts to an entirely separate and unrelated case into the proceedings would unduly complicate this already complex action, result in undue jury confusion and burden, and present significant practical difficulties for both the parties and the Court. Moreover, doing so at this juncture, especially under Wabtec's proposed truncated schedule, would be unduly prejudicial to Siemens as it would simultaneously prolong resolution of Siemens' affirmative case (which Siemens has at all times sought to complete expeditiously) while not allowing enough time and resources for Siemens to adequately prosecute that case and at the same time defend against Wabtec's counterclaims.

Accordingly, the just solution is to sever Wabtec's infringement counterclaims into a separate action, where they can be resolved on their own schedule. Siemens therefore respectfully requests that the Court deny Wabtec's Motion to Amend and instead grant Siemens' Motion to Sever Defendants' Patent Infringement Counterclaims (D.I. 66, "Motion to Sever") and enter the accompanying schedule proposed therein for the severed action.[1]

Contrary to Wabtec's naked representation that there is "substantial overlap in discovery" between its counterclaims and Siemens' affirmative claims (D.I. 68 at 2), any potential overlap is limited. As set forth in more detail in Siemens' Motion to Sever, the two cases concern different sets of unrelated patents (many of which have no technological overlap), with differing inventors, specifications, prosecution histories, and priority dates, asserted against the parties' respective unrelated accused products (many of which, again, have no technological overlap). (D.I. 67, Mem. in Supp. of Mot. to Sever, at 4-6, 9-12.) Siemens will therefore require different witnesses and documentary evidence to prove its affirmative liability and damages case than Wabtec will need with respect to its counterclaims; indeed, the parties' respective claims are capable of being resolved completely independently of one another.  (*Id.* at 4-6, 7-12.) Whatever limited overlap in evidence might arise, however unlikely, can be easily coordinated between the two cases.  (*Id.* at 12.)[2]

---

[1]    Siemens disagrees that Wabtec's Motion to Amend should be ruled upon separately from Siemens' Motion to Sever (*see* D.I. 68 at 3, n.1). The two motions directly affect each other and should be decided together, as is confirmed by Wabtec's reliance on the meet-and-confer on *Siemens*' motion as supposedly satisfying Wabtec's obligations to confer on its own motion (which was filed without even informing Siemens' counsel first).

[2]    On April 3, 2017, Wabtec filed its Opposition (D.I. 71) to Siemens' Motion to Sever. Though Wabtec overstates in its Opposition the overlap in discovery between the parties' claims, that purportedly overlapping discovery is in any event precisely the type of discovery than can be coordinated between the two cases to avoid duplication. Siemens will address the arguments

(continued…)

In contrast, seeking to resolve the parties' respective claims in a single action would be infinitely more problematic. The case would become prohibitively unwieldy for the Court and the parties, growing to encompass not only additional unrelated proprietary products, but also a total of 16 patents, 150 claims, and 165 prior art references, with varying priority dates that would require analyses from the perspective of numerous people of ordinary skill in the art scattered across various periods of time. (D.I. 67 at 6, 11-12, 15-16.) And to even accommodate this exponential enlargement of the proceedings in the first place, the interests of fairness and justice would require significant increases in the limits on discovery requests, page restrictions for briefing on critical issues such as claim construction and summary judgment, and allotted time for hearings and trials. (*Id.* at 15-16.) Simply put, the case would become largely unmanageable.

Moreover, the risk of jury confusion would be amplified to an unacceptable degree. Infringement and invalidity issues—of which there are already plenty in this case—are readily recognized as involving complicated legal concepts and technologies, fraught with ample sources of confusion for juries. (*Id.* at 9-10.) Permitting Wabtec to go forward with its counterclaims here would multiply those sources of confusion, requiring the jury to keep track of which component of which party's accused product is performing which claimed functionality of which claimed patent, and what functionality that component actually performs, as well as which prior art predates whose patents and discloses which limitations, which might be especially confusing where at least some of Siemens' own patents constitute prior art to Wabtec's patents. (*Id.* at 13.)

---

(continued)

raised in Wabtec's Opposition when Siemens files its reply in support of its Motion to Sever, which is presently due on April 10.

In view of the issues described above (which are set out in further detail in Siemens' Motion to Sever), the schedule proposed by Wabtec in its Motion to Amend is unrealistic.  It is also prejudicial to Siemens, as it would reduce the time to which Siemens would ordinarily be entitled to defend itself against Wabtec's infringement claims, while simultaneously condensing the time and resources that Siemens is able to dedicate to its affirmative claims (and giving Wabtec an extraordinary amount of time to defend against Siemens' claims). (*Id.* at 13-16.) In contrast, there is nothing to suggest that Wabtec would suffer any prejudice if it were required to litigate its belated patent infringement claims in a separate action, under identical circumstances it would face had it decided to assert those claims affirmatively. (*Id.*)[3]

Ostensibly, Wabtec argues that its proposal is fine as it would "shift[] the schedule approximately the same length of time" to which the parties previously agreed "to accommodate *six* additional patents asserted by Siemens" (D.I. 68 at 2). But, unlike Wabtec's unrelated patents, the additional Siemens patents all related to and/or had the same inventors as Siemens' originally asserted patents and, most importantly, did not implicate any new accused products. (D.I. 67 at 10.) Siemens' additional patents therefore did not have nearly the effect on the case as the exponential increase in proceedings that Wabtec's patents would cause. Wabtec nevertheless complained at the

---

[3]     Wabtec misleadingly describes the timing of its patent infringement counterclaims in an effort to disguise the lack of urgency with which they were asserted. Though it is true the Court did not *enter* Siemens' Amended Complaint until January 12, 2017 (a month before Wabtec amended its counterclaims to add patent infringement allegations), Siemens submitted the Amended Complaint, with a motion to amend, back on November 2, 2016. (D.I. 41.) And the documents on which Wabtec relied for its counterclaims were produced by Siemens back in October. Thus, it was not until more than three months after Siemens filed the First Amended Complaint, and four months after receiving Siemens' technical documents, that Wabtec first asserted its infringement counterclaims (nine months after this action began). Notably, during those four months, Wabtec filed a first set of counterclaims to Siemens' First Amended Complaint (without asserting any patent infringement counterclaims), the parties negotiated a revised schedule (without any contemplation of counterclaims for patent infringement), and, most importantly, discovery and the case in general continued to proceed forward.

- 4 -

time that Siemens' additional patents would "essentially creat[e] a patent case within a patent case." (D.I. 43 at 2.) Wabtec should therefore not be heard to argue now that the truncated schedule it has proposed is sufficient to accommodate an *actual* patent case within a patent case.

Thus, for the reasons set forth above and described in further detail in Siemens' Motion to Sever, Siemens respectfully requests that the Court deny Wabtec's Motion to Amend, grant Siemens' Motion to Sever, and enter the schedule proposed by Siemens to govern the severed case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Siemens Industry, Inc.*

OF COUNSEL:

Mark M. Supko
Kathryn L. Clune
Vincent J. Galluzzo
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500

Jacob Z. Zambrzycki
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
(212) 223-4000

April 4, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 4, 2017, upon the following in the manner indicated:

Steven L. Caponi, Esquire                                    *VIA ELECTRONIC MAIL*
K&L GATES LLP
600 North King Street, Suite 901
Wilmington, DE  19801
*Attorneys for Defendants*

Alan L. Barry, Esquire                                       *VIA ELECTRONIC MAIL*
Jason A. Engel, Esquire
Benjamin E. Weed, Esquire
Devon C. Beane, Esquire
Katherine L. Hoffee, Esquire
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL  60602
*Attorneys for Defendants*

*/s/ Karen Jacobs*
_____
Karen Jacobs (#2881)