IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | C.A. No. 16-284-LPS-CJB |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having reviewed the parties' briefing relating to Plaintiff's motion to assign a civil action number and enjoin Defendants from prosecuting a second-filed action (D.I. 142), IT IS HEREBY ORDERED that:

1. Plaintiff's motion is GRANTED to the extent that the Clerk of Court is directed to OPEN a new case in which Plaintiff may, if it wishes, proceed with its declaratory judgment counterclaims relating to Defendants' patents. The Court will determine, at an appropriate time, after hearing from the parties, whether this new action should be stayed, transferred, dismissed, or proceed (and, if so, on what schedule).

2. Plaintiff's motion is DENIED in all other respects, including its request that the Court enjoin Defendants from proceeding with their pending action in the Western District of Pennsylvania.

While it may have been that the Magistrate Judge, and one or both parties, anticipated

1

that when Plaintiff's motion to sever was granted that Defendants would file a new action in this District (asserting Defendants' patent claims that were severed from the instant action), Defendants were not *required* to file any new action. More importantly, nothing in the Court's prior rulings, nor the Federal Rules of Civil Procedure, compelled Defendants – having decided to assert their patents in a new action against Plaintiff – to file in this District. The Court perceives no meritorious basis to enjoin Defendants from proceeding with their "second-filed" action. Notably, Plaintiff persuaded the Magistrate Judge that the patent claims Defendants are asserting against Plaintiff have little if any overlap with the patent claims Plaintiff is asserting against Defendants in the instant action.

However, the Court agrees with Plaintiff that Defendants' decision to file a new action in the Western District does not automatically mean that Plaintiff's declaratory judgment counterclaims relating to Defendants' patents must – against Plaintiff's wishes – necessarily be litigated in that District. It may well be sensible to transfer Plaintiff's counterclaims to the Western District, but that is a matter the Court will decide (should it be asked to do so) in the context of the new action to be opened in this District.

To the extent not already clear, Defendants' counterclaims (i.e., Defendants' assertion of Defendants' patents against Plaintiff) in the instant action are DISMISSED WITHOUT PREJUDICE to Defendants' proceeding with those same claims in the pending action in the Western District.

October 16, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

2