**K&L GATES**

February 20, 2018

Steven L. Caponi
steven.caponi@klgates.com

T +1 302 416 7080
F +1 302 416 7020

**Via E-Filing**

The Honorable Christopher J. Burke
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Siemens Industry, Inc. v. Westinghouse Air Brake Technologies Corp. (d/b/a Wabtec Corp.) and Wabtec Railway Electronics, Inc.*, **1:16-cv-00284 (LPS)**

Dear Judge Burke,

Pursuant to this Court's August 22, 2017 Oral Order, Wabtec hereby renews its Motion to Stay Pending *Inter Partes* Review ("IPR") [1]. (D.I. 113). As the Court may recall, this case is grouped into three railroad-related technology categories: OBU Patents[2], BOS Patents[3], and EOT Patents[4]. Since Wabtec filed its Motion, the Patent Trial and Appeal Board ("PTAB") has now instituted review of eight of the thirteen original Patents-in-Suit, with one decision still outstanding.

*A Stay Will Preserve Wabtec's Privilege As To Opinions Of Counsel On Instituted Patents:* Wabtec has opinions of counsel for a number of the Patents-in-Suit, and is in the process of determining the opinions, if any, upon which it may rely as defense to willful infringement. Wabtec would prefer not to unnecessarily waive privilege for patents that are found to be invalid

---

[1]   The twelve current Patents-in-Suit are U.S. Patent Nos. 6,996,461 ("'461 Patent"); 7,092,801 ("'801 Patent"); 7,236,860 ("'860 Patent"); 7,467,032 ("'032 Patent"); 7,742,850 ("'850 Patent"); 8,714,494 ("'494 Patent"); 9,233,698 ("'698 Patent"); 7,079,926 ("'926 Patent"); 7,200,471 ("'471 Patent"); 6,845,953 ("'953 Patent'); 7,036,774 ("'774 Patent"); and 6,824,110 ("'110 Patent"). Siemens omitted originally asserted U.S. Patent No. 6,798,195 ("'195 Patent") from its Final Infringement Contentions, so it is Wabtec's belief that the '195 Patent is no longer being asserted against Wabtec. However, it should be noted that IPR was instituted on all requested claims of the '195 Patent (an OBU Patent).

[2]   The OBU Patents are the '461, '801, '860, '926, '471, '953, '774, and '110 Patents.

[3]   The BOS Patents are the '494 and '698 Patents.

[4]   The EOT Patents are the '032 and '850 Patents.

at the PTAB, and Wabtec would also prefer not to burden this Court now with a potentially unnecessary scope of waiver analysis. Wabtec's counsel discussed this issue with Siemens' counsel, and explained the prejudice Wabtec would suffer if it had to prematurely waive opinions of counsel on patents that ultimately might be found invalid at the PTAB. Siemens' counsel indicated that this did not change its position on the renewed motion, and that the Court would likely rule on the renewed motion after fact discovery closes on March 30, 2018, so the willfulness aspect is not a real prejudice to Wabtec. Wabtec believes the Court can make a decision and that the facts at hand support a stay at least of the OBU and BOS Patents to conserve Court and party resources.

***The PTAB Is Reviewing 35 Of The 59 Asserted Claims From The OBU And BOS Patents[5]:*** To date, the PTAB has instituted IPR on seven of the ten currently asserted OBU and BOS Patents, with one decision outstanding. As mentioned above, the PTAB also instituted review on all originally asserted claims of the '195 Patent. The chart below shows which currently asserted OBU and BOS claims the PTAB is reviewing:

| Patent | Asserted Claims | Asserted Claims Instituted | Category |
|---|---|---|---|
| '461 | [1], 5, 6, [14, 16], 17, 19, [28], 32, 42, 43 | [1], [14, 16], 19, [28], 42, 43 | OBU |
| '801 | 1, 10 | ALL | OBU |
| '860 | 1, 3, 5, 10, 15, 16, 18, 25 | NONE | OBU |
| '926 | [1, 2, 3], 4, [5], 6 | TBD[6] | OBU |
| '471 | 1, 19, 20 | ALL | OBU |
| '953 | 1, 8, 9, 10, 20, 21, 27, 28, 29 | ALL | OBU |
| '774 | 1, 8, 9, 19, 20, 26, 27, 28 | ALL | OBU |

---

[5] The total number of asserted claims includes the independent/dependent claims that asserted claims depend from, which are indicated in the chart by [ ].

[6] The PTAB has yet to issue its decision regarding the '926 Patent, but IPR has been instituted for all claims on other patents in the family (i.e., the '801, '195, and '471 Patents). Wabtec believes that it is highly likely the PTAB will institute IPR as to the '926 Patent. Even if IPR is not instituted on the '926 Patent, there is significant "overlapping subject matter" with the '801, '195, and '471 Patents, so the litigation still "would be significantly simplified" if the stay is granted. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 U.S. Dist. LEXIS 1056, at *9–10 (N.D. Cal. Jan. 5, 2015).

| Patent | Asserted Claims | Asserted Claims Instituted | Category |
|---|---|---|---|
| '110 | 11, 18 | ALL | OBU |
| '494 | 1, 2, 5, 17, 18 | NONE | BOS |
| '698 | 1, 2, 5, 17, 18 | 1, 2, 17, 18 | BOS |

*Scope of the Proposed Stay:* Counsel for Wabtec and Siemens met and conferred on February 20, 2018, on the renewed motion to stay. Wabtec offered to parse out the EOT Patents from the stay, so that those could proceed to trial as planned and the OBU and BOS Patents could be stayed pending the outcome of the IPRs. Siemens' position is that the case should not be carved up, and because there were some claims not instituted on the OBU and BOS Patents, nothing from those families should be stayed. Wabtec further offered to proceed only on *claims* that had not had IPR instituted, but again, Siemens was not willing to compromise. Wabtec believes the EOT Patents could proceed on their own, but since Siemens' position is that the case should not be carved up, then the entire case could be stayed to preserve Court and party resources.

*The '860 Patent Should Be Stayed Along With The Rest Of The OBU Patents:* The OBU Patents should all be stayed together. As shown in the table above, 31 of the 49 asserted OBU Patent claims are under review, and "as a statistical matter, some substantial number of these [] remaining claims are likely to be invalidated by the PTAB." *See Boston Sci. Corp. v. Cook Grp. Inc.*, No. CV 15-980-LPS-CJB, Slip Op. at 9 (D. Del. Aug. 16, 2017) (relying on statistics that in 68% of trials that reached a Final Written Decision resulted in all instituted claims being found unpatentable and that 84% resulted in at least some claims being found unpatentable). The OBU Patents are related to similar technology and Siemens has accused the same products of infringing. Thus, damages issues will be simplified if the entire group of OBU Patents are stayed instead of just the ones with IPR instituted. Additionally, claim construction is not settled here because the Court may need to revisit terms based on statements made by Siemens during IPR. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) (applying prosecution disclaimer to statements made by patent owner during IPR proceedings).

*The BOS Patents Should Be Stayed Together:* Even though the '494 Patent is not under IPR review, Wabtec believes it should be stayed because of the significant overlap in subject matter with the '698 Patent. *See SAGE*, 2015 U.S. Dist. LEXIS 1056, at *9–10. Additionally, Siemens has moved to amend the claims of the '698 Patent because the PTAB has initially found that the claims of the '698 Patent do not have priority to the '494 Patent. With its proposed claim amendments, Siemens is attempting to claim priority back to the '494 Patent, or in the alternative, to get around the prior art of record, which is Wabtec's own published patent application. If Siemens is successful in amending the claims, then it would have to refile the case as to the '698 Patent since the patent would eventually re-issue with changed claim scope. Whether the claims are found to be invalid, or are amended, significant work would be wasted if the case was not stayed and parties proceeded with expert discovery. Lastly, Siemens has asked the Court to reconsider claim construction issues relating to both the '494 and '698 Patents.

These same claim construction terms are at issue at the PTAB, so any arguments made by Siemens must be taken into account.  *See, e.g., Aylus*, 856 F.3d at 1360.

***A Stay Simplifies The Issues Here And Saves Significant Court And Party Resources:***  Since there is "such a high percentage" of asserted claims being reviewed in IPR, there will be "notable simplification of issues if a stay is granted." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014) (granting stay where "[a]ll but six of the 23 patent claims are at issue in the IPR request.").  If even half of the instituted claims are found to be invalid by the PTAB, the case would be significantly reduced in scope for expert discovery, dispositive motions, and trial.  *See Sirona Dental Sys. GMBH v. Dental Wings, Inc.*, No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706, at *16 (D. Del. Mar. 22, 2016) ("If the PTAB ultimately finds . . . claims to be invalid, the 'litigation would be 'simplified' because it would be concluded.'"); *see also Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. 15-516, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016) (Burke, M.J.) (issues more likely simplified where all asserted claims are included in IPR petition).  As previously mentioned, Siemens cannot assert a different set of claims against Wabtec, so issue simplification is highly likely based on the number of claims under review at the PTAB.  (*See* D.I. 27 at 4, and D.I. 49 at Ex. A).

As the schedule stands now, the Court and the parties will be spending significant time and resources on claims that might be found invalid in IPR.  The parties are currently engaged in fact discovery, but still have a significant amount yet to complete.  Opening expert reports are due April 20, 2018; dispositive motions are due August 10, 2018; and trial is scheduled for January 14, 2019.  As shown in the chart below, the timing of the IPR final written decisions could significantly impact dispositive motion practice, trial preparations, and trial:

| Patent | Deadline for IPR Final Written Decision |
|---|---|
| '698 | 07/20/2018 |
| '801 | 09/14/2018 |
| '461 | 10/25/2018 |
| '953 | 01/10/2019 |
| '774 | 01/19/2019 |
| '110 | 01/31/2019 |
| '471 | 02/01/2019 |
| '926 | TBD |

Any determination by this Court that an instituted claim is valid will be an inefficient use of the Court's resources, as prior judicial decisions concerning the validity of patents do not bind the PTAB in IPR proceedings. *See Novartis AG v. Noven Pharm. Inc.*, 853 F.3d 1289, 1293–94 (Fed. Cir. 2017).

A stay also helps the Court sort through the myriad estoppel issues that could arise if this case proceeds before the IPRs are resolved. *See Gen. Elec. Co. v. Vibrant Media, Inc.*, No. CV 1:12-CV-00526-LPS, 2013 WL 6328063, at *1 (D. Del. Dec. 4, 2013) ("Regardless of their outcome, the IPR proceedings will simplify this case, as Vibrant will be estopped from contending that certain prior art invalidates the asserted claims and/or some or all of the asserted claims will be invalidated."); *see also CRFD Research v. Dish Network Corp.*, No. 14-064, slip op. at 2 & n.3 (D. Del. June 3, 2015) (Sleet, J.) ("[S]hould the PTAB institute review and invalidate some or all of the asserted claims, the issues for trial would be greatly simplified. And the defendants will be estopped from rearguing issues raised during IPR."). In addition, a stay ensures that the invalidity grounds before the PTAB are not re-litigated here, and that the asserted claims "are not argued one way [before the PTAB] in order to maintain their patentability and in a different way" here. *See, e.g., Aylus*, 856 F.3d at 1360.

Additionally, a stay will prevent numerous scheduling conflicts between the parallel PTAB and district court proceedings:

- The Oral Argument in IPR2017-00580 ('698 Patent) is scheduled for April 17, 2018, and opening expert reports are due April 20, 2018;

- Reply expert reports are due June 8, 2018, and the Oral Argument in IPR2017-00981 ('801 Patent) is scheduled for June 11, 2018;

- Briefing for dispositive and Daubert motions are due August 10, 2018, and the Oral Arguments in IPR2017-01263 ('461 Patent) and IPR2017-01454 ('195 Patent) are scheduled for August 17, 2018;

- Oral Arguments in IPR2017-01533 ('953 Patent) and IPR2017-01866 ('774 Patent) are scheduled for October 22, 2018, and the hearing on dispositive and Daubert motions is scheduled for October 23, 2018.

Additional conflicts will undoubtedly arise if and when the '926 Patent is instituted. It has already been quite a challenge coordinating depositions in both the IPR and district court proceedings. The briefing schedules have been adjusted in almost every single IPR.

*A Stay Does Not Prejudice Siemens:* Wabtec previously articulated why Siemens would not be prejudiced by a stay: (1) Siemens and its predecessors-in-interest waited nearly a decade to allege infringement after allegedly "provid[ing] WRE with express written notice" of six of the Patents-in-Suit; (2) Siemens did not seek a preliminary injunction, so monetary relief would be sufficient to compensate for any alleged infringement during the stay; and (3) Siemens will not be placed at a tactical disadvantage. (*See* D.I. 114 at 14–18).

Very truly yours,

*/s/ Steven L. Caponi*

Steven L. Caponi (No. 3484)


cc: All counsel of record (via electronic filing)