IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS INDUSTRY, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| WESTINGHOUSE AIR BRAKE : C. A. No. 16-284-LPS |
| TECHNOLOGIES CORPORATION : | |
| (d/b/a WABTEC CORPORATION) and : | |
| WABTEC RAILWAY ELECTRONICS, INC. : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Pending before the Court is Defendants Westinghouse Air Brake Technologies Corporation (d/b/a Wabtec Corporation) and Wabtec Railway Electronics, Inc.'s (collectively, "Wabtec") Motion to Stay Pending *Inter Partes* Review (D.I. 113), which was renewed on February 20, 2018 (D.I. 212). Earlier, on August 22, 2017, Magistrate Judge Burke had denied the motion to stay, without prejudice to renewing it later, as Wabtec has now done. Plaintiff Siemens Industry, Inc. ("Siemens") opposed the renewed motion on March 6 (D.I. 225) and Wabtec replied on March 13 (D.I. 228). On March 20, Siemens requested oral argument (D.I. 234), but the Court does not find that oral argument is needed. Having reviewed the parties' submissions, IT IS HEREBY ORDERED that Wabtec's motion to stay this case pending *inter partes* review ("IPR") (D.I. 113) is DENIED.

Twelve patents are presently asserted, which the parties have categorized into three technology groups: OBU (consisting of eight patents), BOS (consisting of two patents), and EOT (consisting of two patents). (*See* D.I. 212 at 1) IPRs have been instituted on eight of the asserted

1

patents and final written decisions in them are due from the Patent Trial and Appeal Board ("PTAB") between July 2018 and March 2019.[1] (*See id.* at 2-4; D.I. 228 at 3) Wabtec seeks to stay the case in its entirety or otherwise go forward only on the EOT patents, while Siemens wishes to proceed on the entire case. (*See* D.I. 212 at 3)

When deciding whether to stay litigation, the Court typically considers three factors: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, 2018 WL 1061370, at *1 (D. Del. Feb. 26, 2018). "A court has discretionary authority to grant a motion to stay." *Id.*

A stay in this case would not substantially simplify the issues for trial with respect to the EOT and BOS patents. An IPR has been instituted as to only one of these four patents and, for that IPR, the Final Written Decision is due on July 20, 2018, leaving sufficient time for the parties and the Court to enjoy whatever simplifying impact that decision will have while remaining on track for trial here as scheduled. (*See* D.I. 212 at 4) With respect to the OBU patents, final written decisions in two of the seven IPRs are due months before trial, so it is possible that the impact of those proceedings may also be incorporated into the proceedings here.

---

[1] IPRs have been instituted on all asserted claims in six of the OBU patents, some of the asserted claims in one of the OBU patents, and none of the asserted claims in one other OBU patent. IPRs have been instituted on some of the asserted claims in one of the BOS patents and none of the asserted claims in the other BOS patent. IPR has not been instituted for any asserted claim in either of the two EOT patents. In its reply brief, Wabtec notes that (at least as of March 13, 2018), "the PTAB has instituted review on 19 out of 42 asserted claims." (D.I. 228 at 3)

(*See id.*)  Three other OBU-IPR decisions are due days before, during, or just a few weeks after trial and could perhaps be considered in the context of post-trial motions. (*See id.*)  In sum, staying the case may slightly simplify some portion of the issues for trial, but would not simplify the majority of the case.

The advanced stage of the litigation disfavors a stay.  Expert discovery is nearly closed, leaving only dispositive and *Daubert* motions remaining before trial commences on January 14, 2019.

In considering whether the stay would be prejudicial to Siemens or give Wabtec a clear tactical advantage, the Court often considers four factors: (1) the timing of the request for review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *See Contour IP Holding, LLC v. GoPro, Inc.*, 2016 WL 4474340, at *4 (D. Del. July 14, 2016).  The timing of Wabtec's requests for IPRs and for a stay do not suggest it is intentionally pursuing an inappropriate tactical advantage.  To the contrary, Wabtec filed IPR petitions on all 12 asserted patents, each within a few months after the asserted claims of each patent were identified by Siemens, and the motion to stay was timely filed, initially and as renewed.  (*See* D.I. 114 at 15-16; D.I. 228 at 1-2)  However, a stay would result in prejudice to Siemens and an unfair tactical advantage to Wabtec.  Siemens has already devoted two years of resources to litigating its claims and is only about six months from trial.  In the meantime, Wabtec has asserted claims against Siemens (*see* C.A. No. 17-1687 (D. Del.)), which (with a stay here) could proceed to resolution before the instant action, notwithstanding that Siemens filed the instant action first. (*See* D.I. 225 at 2-3, 16-17)  The prejudice to Siemens from such a result would be significant, particularly given that the parties are competitors (even if

3

Siemens has a smaller market share). (*See* D.I. 114 at 17; D.I. 225 at 18)

Accordingly, all three factors disfavor a stay, and Wabtec's motion for a stay is DENIED.

June 20, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT