# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : | C.A. No. 16-284-LPS |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Siemens Industry, Inc.'s ("Siemens") Motion for Partial Reconsideration of Claim Construction Order. (D.I. 173) By its motion, Siemens asks the Court to reconsider its construction of the terms "vital" and "safety critical" provided in its November 6, 2017 Memorandum Opinion and Order. (D.I. 165, 166) Defendants Westinghouse Air Brake Technologies Corporation (d/b/a Wabtec Corporation) and Wabtec Railway Electronics, Inc. (collectively, "Wabtec") oppose the motion. (D.I. 183) IT IS HEREBY ORDERED that Siemens' motion is DENIED.

## I. LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, motions for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the

1

adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may generally be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

Following briefing and a claim construction hearing, the Court construed the "vital" terms as "an application system that has a hazard rate of no more than $10^{-9}$ per operational hour" and the "safety critical" terms as "an application system that contributes to safety and, in so doing, has a data failure rate less than $10^{-4}$ per operational hour." (D.I. 165 at 18-20) Siemens argues that "reconsideration is required to correct certain factual and legal errors in the Court's interpretation of the intrinsic and extrinsic evidence of record that resulted in erroneous constructions." (D.I. 173 at 1)

Siemens first argues that the Court erroneously concluded that there is an industry standard required by railway operators and government regulators that a vital system have a hazard rate of no more than $10^{-9}$ per operational hour. (*See id.* at 2) While Siemens is correct that one portion of the specification of the '494 patent states only that there is "***often***" such a standard, several lines down the specification also states that prior art consumer and commercial personal computers have a data failure rate that "is insufficient to meet railway systems ***required*** hazard rates of no more than $10^{-9}$ per operational hour." ('494 patent at 1:30-32, 1:54-59) (emphasis added) Similarly, with respect to "safety critical," the specification of the '698 patent provides that safety critical systems must have a failure rate that is less than $10^{-4}$ per operational hour. (*See* '698 patent at 1:54-60) Although the published standards may not always state the hazard rates with such specificity, the extrinsic evidence cited by Wabtec persuades the Court that the terms "vital" and "safety critical" have specific meanings in the industry that require certain hazard rates. (*See* D.I. 183 at 6) Moreover, as these arguments were previously presented to the Court, they do not provide a basis to grant the motion. *See Karr*, 768 F. Supp. at 1093. The Court further does not find that Siemens' alternative proposed constructions (*see* D.I. 173 at 7) should be adopted due to the statements made in the patents' specifications discussed above.

Siemens also argues that when the Court's constructions are substituted for "vital" and "safety critical" in the claims, the claims no longer make grammatical sense because the terms were construed as nouns while the terms themselves are adjectives. (*See id.* at 5-6) Wabtec counters that a person of ordinary skill in the art would understand the meaning. (*See* D.I. 183 at 8) The Court agrees with Wabtec. Still, in the interests of avoiding unnecessary disputes as this case proceeds, the Court clarifies that it was construing the full "vital" and "safety critical" terms

3

(i.e., inclusive of the noun being modified by "vital" or "safety critical"). Since the "vital" terms and "safety critical" terms that were construed always use the word "vital" or "safety critical" as an adjective to modify a noun, the construction of "vital [noun]" would be "[noun] that has a hazard rate of no more than $10^{-9}$ per operational hour" and, similarly, the construction of "safety critical [noun]" would be "[noun] that contributes to safety and, in so doing, has a data failure rate less than $10^{-4}$ per operational hour." The nouns in the terms that were construed are "application system(s)," "railway [] systems," "application control system," "railway [] application system," and "systems." (D.I. 165 at 18-19)

Accordingly, Siemens' motion (D.I. 173) is DENIED.

June 20, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4