## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MOBILITY INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 16-284-LPS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

At Wilmington this **25th** day of **February, 2019**:

Having reviewed the parties' joint status report (D.I. 454), **IT IS HEREBY ORDERED** that:

1.  Until such time as the Director of the U.S. Patent and Trademark Office issues a certification of cancellation of any asserted patent in this case, the Patent Trial and Appeal Board's decisions, even if "final," have no impact on this case. *See* 35 U.S.C. § 318(b) ("If the Patent Trial and Appeal Board issues a final written decision . . . and the time for appeal has expired or any appeal has terminated, the Director shall issue and publish a certificate cancelling any claim of the patent finally determined to be unpatentable . . . ."); *see also* D.I. 454 at 1-2. Accordingly, the Court will enter Plaintiffs' proposed form of judgment, which is consistent with the jury verdict, including the jury's findings of no invalidity.

2.  The parties' proposed briefing schedule for post-trial motions is **ADOPTED**. All post-trial motions and opening briefs shall be filed 28 days after judgment is entered.

Responsive briefs shall be filed 28 days after opening briefs. Reply briefs shall be filed 14 days after responsive briefs. Each side may file a single, consolidated opening brief of no more than twenty (20) pages, a single, consolidated answering brief of no more than twenty (20) pages, and a single, consolidated reply brief of no more than ten (10) pages.

3. Oral argument on the post-trial motions will be heard on **May 28, 2019 at 10:00 a.m.** Each side will be given one (1) hour for its presentation.

4. Defendants have properly preserved their ensnarement contention and, therefore, it remains ripe for judicial resolution. No later than **February 28**, the parties shall submit a joint status report containing their proposal(s) for how and when the Court should proceed with respect to the ensnarement issue. In the same joint status report, the parties shall provide their positions on any remaining disputes as to whether and when Defendants will produce updated sales data.

5. After a preliminary review of the parties' identification of issues on which each intends to seek post-trial relief, and having presided over the two-week jury trial last month, the undersigned Judge has formed tentative views as to how the forthcoming motions are likely to be resolved. In hopes that sharing these tentative views may make briefing and resolution of those motions more efficient, the Court states as follows:

   A. As to Plaintiff's anticipated motions, the Court is inclined to deny enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285, grant supplemental damages for infringement of the asserted patents during the period from February 26, 2018 through the entry of Final Judgment, and grant pre-judgment and post-judgment interest on damages and Siemens' recoverable costs.

B.  As to Defendants' anticipated motions, the Court is inclined to deny them all, including motions for judgment of non-infringement, no lost profits on the EOT patents, no indirect infringement of the BOS patents, and no willful infringement.

The views expressed herein are merely present inclinations and are subject to change after full briefing on any motions that are filed.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE