# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MOBILITY INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-284-LPS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **March, 2019**:

Having reviewed the parties' joint status report (D.I. 461), **IT IS HEREBY ORDERED** that:

1. "A helpful first step in an ensnarement analysis is to construct a hypothetical claim that literally covers the accused device." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1324 (Fed. Cir. 2009). "Next, the district court must assess the prior art introduced by the accused infringer and determine whether the patentee has carried its burden of persuading the court that the hypothetical claim is patentable over the prior art." *Id.* at 1325. Although optional, the Court finds that analysis of such a hypothetical claim would be helpful in resolving Defendants' ensnarement defense.[1]

---

[1] As the Court has already held, Westinghouse properly preserved its ensnarement contention. (*See* D.I. 459 at 2) It is not necessary for the issue to have been raised in a particular type of motion. *See G. David Jang, M.D. v. Bos. Scientific Corp.*, 872 F.3d 1275, 1288 (Fed. Cir. 2017).

2. No later than **March 11, 2019**, Siemens shall propose to Westinghouse a hypothetical claim for each patent. *See Jang*, 872 F.3d at 1285; *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000). Thereafter, the parties shall meet and confer and, no later than **March 15, 2019**, file with the Court either (i) the parties' agreed-to hypothetical claims or (ii) each party's proposals, without argument.

3. Following identification of the hypothetical claims, the burden begins with the accused infringer, which has the "burden of producing evidence of prior art to challenge a hypothetical claim." *Jang*, 872 F.3d at 1285. Since "[t]he ensnarement inquiry . . . has no bearing on the validity of the actual claims," and ensnarement is a legal question for the Court rather than the jury, *DePuy*, 567 F.3d at 1323, Westinghouse may rely on any prior art that was produced in discovery in this case, even if it was not included in either the pretrial order or the trial record. *See Jang*, 872 F.3d at 1288-89 (finding accused infringer is not barred from pursuing ensnarement even though it did not pursue invalidity at trial, as invalidity and ensnarement are "two different concepts"); *id.* at 1290 (finding "no reason" to preserve ensnarement in pretrial order). Accordingly, no later than **March 29, 2019**, Westinghouse shall serve on Siemens its prior art challenges to the hypothetical claims in the form of claim charts.

4. As "the ultimate burden of persuasion rests on the patentee to show that the hypothetical claim does not read on the prior art," *Ultra-Tex*, 204 F.3d at 1365, Siemens will be provided the first and last word in argument. Briefing shall be submitted as follows:

    a. Siemens' opening brief, not to exceed fifteen (15) pages, due **April 12, 2019**.

    b. Westinghouse's answering brief, not to exceed fifteen (15) pages, due

**April 26, 2019**.

        c.      Siemens' reply brief, not to exceed seven (7) pages, due **May 3, 2019**.

5.      A hearing on the ensnarement issue will be held on **May 28, 2019 at 12:00 p.m.** following argument on the post-trial motions. No later than **May 10, 2019**, the parties shall file a joint letter informing the Court of their proposed format for the hearing.

                                                  HONORABLE LEONARD P. STARK
                                                  UNITED STATES DISTRICT JUDGE