# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIEMENS MOBILITY INC. | : |
|     Plaintiff, | : |
| v. | :    C.A. No. 16-284-LPS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : |
|     Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court are Westinghouse's Motion for Reconsideration and to Expunge (D.I. 464) and Siemens' Motion to Strike Westinghouse's Reply In Support of Its Motion to Expunge (D.I. 494). Having reviewed the parties' briefs, letters, and declarations (D.I. 464, 477-78, 487-92, 495, 498, 500-02, 509-11), and having heard argument on May 28, 2019 (D.I. 531 at 132-35), **IT IS HEREBY ORDERED** that:

1. Westinghouse's Motion for Reconsideration and to Expunge (D.I. 464) is **DENIED** as to reconsideration and **GRANTED** as to the request to expunge from the public record any portion of an exhibit admitted at trial other than the pages that were displayed in open Court.

2. Siemens' Motion to Strike (D.I. 494) is **DENIED**. As Westinghouse's reply brief supports its motion for expungement, its filing is not in clear violation of D. Del. LR 7.1.5(a), which limits briefing on motions for reargument to an opening and answering brief. More importantly, the Court has found Westinghouse's reply brief to be helpful, as it properly responds

to Siemens' arguments regarding timing. Any prejudice to Siemens has been adequately addressed by the Court's allowance of a sur-reply brief by Siemens (*see* D.I. 503, 509), which the Court has considered in reaching its decisions.

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

The Court is denying Westinghouse's request that it reconsider its denial of Westinghouse's post-trial request to alter the publicly-available status of PX-326. (*See* D.I. 457, 463) At the pretrial conference, the Court explained that the "preferable process" for dealing with confidential documents is for the parties to use excerpts and demonstratives during trial and to make "specific requests" to "enter [the documents] into evidence on a sealed basis." (D.I. 450

(Jan. 3, 2019 Tr.) at 29) Westinghouse failed to make a "specific request[]" to seal PX-326 before, during, or after trial, until February 19, more than three weeks after the jury returned a verdict on January 25 (D.I. 447). The Court continues to feel that "Westinghouse waived its objection" to unsealing PX-326. (D.I. 463)

The Court will, however, grant Westinghouse's alternative request that it expunge from the public record all portions of PX-326 that were not displayed in open Court. Only approximately eight pages of this 1,017-page document were shown in Court; only these limited portions of the lengthy document were testified about or called out to the jury. The public can fully understand the record on which the jury based its verdict by having access only to the eight pages of the document and the testimony about those pages, all of which will remain in the public record.

Westinghouse has demonstrated good cause for removing from the public record the other 1,009 pages, as it would be irreparably harmed by public dissemination of the full document. PX-326 is a copy of "Westinghouse's I-ETMS On-Board Segment Requirement Specification," which "contains detailed steps regarding the operation of Westinghouse's I-ETMS on-board segment" and the actions it takes in response to various events. (D.I. 492 (Declaration of Robert Bourg[1]) at 2) Other than failing to comply with the Court's sealing procedures in connection with trial, Westinghouse "has taken significant efforts to maintain the confidentiality" of PX-326, such as by including non-disclosure agreements and confidentiality provisions in customer contracts. (*See id.*) Westinghouse has demonstrated that public

---

[1] Robert Bourg is the Vice President of Strategy and Growth for Westinghouse. (D.I. 492 at 1)

3

dissemination of PX-326 "would be extremely detrimental to Westinghouse's business." (*Id.* at 3)

"[T]here is a strong presumption that material introduced into evidence at trial should be made available for public access." *Littlejohn v. Bic Corp.*, 851 F.2d 678, 678 (3d Cir. 1988) (internal quotation marks omitted). "It is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use." *Id.* at 680 (internal quotation marks omitted). Under the circumstances here, while the full 1,017 pages of PX-326 were admitted into evidence at trial, in reality only eight pages were pertinent to the issues before the jury. Public dissemination of the full document would irreparably harm Westinghouse, by making available its confidential business information. In these circumstances, the Court has concluded that the most reasonable exercise of its discretion is to expunge from the publicly-available trial record the 1,009 pages of this commercially-sensitive document that realistically played no part in the trial or the jury's evaluation of the parties' disputes. *See id.* ("[C]ourts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing."); *see also Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 358-59 (D. Del. 2018) (permitting redactions of sensitive information in exhibits not published in their entirety in open court).

**IT IS FURTHER ORDERED** that:

1. The version of PX-326 that is currently in the Court's trial record shall be **STRICKEN** and shall be replaced by a redacted version of PX-326 that reveals only the text of the approximately eight pages that were displayed in open Court during trial.

4

2. The parties shall meet and confer and, no later than **July 22, 2019**, submit a redacted version of PX-326 that complies with this Order.

July 18, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE